647 P.2d 1254

The STATE of Idaho,
Plaintiff-Respondent,

v.

Max D. LLOYD, Defendant-Appellant.

No. 13298.

Supreme Court of Idaho.

July 7, 1982.

Klaus Wiebe and Laird B. Stone, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Myrna A. I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BISTLINE, Justice.

In the early morning hours of December 2, 1978, two Boise City firemen observed defendant-appellant, Max Lloyd, and one Maroun Khreish park an automobile in downtown Boise and begin taking money from four parking meters. The firemen notified the police, who arrived after Lloyd and Khreish had left the area. Lloyd and Khreish returned to their automobile shortly after the police arrived and were arrested at that time. A warrant to search the car was subsequently obtained and $64.81 in change was found in the glove compartment, $45.99 in change was found in a suitcase which was on the back seat of the car and $183.35 in change was found in a sack in the trunk. The money found in the suitcase and in the trunk was aggregated with the money found in the glove compartment and Lloyd and Khreish were charged in a single complaint with grand larceny in violation of I.C. § 18–4604—"Larceny ... of a value exceeding one hundred fifty dollars ($150.00)." The same attorney represented both defendants prior to trial. The case against Khreish was dismissed and he was deported to Israel. The State proceeded to trial against Lloyd. He was convicted by a jury of grand larceny and sentenced to

the custody of the State Board of Corrections for an indeterminate period of time not to exceed three (3) years.

■ The first issue presented is whether there was sufficient evidence to submit to the jury the question of whether all of the money recovered from the car was obtained pursuant to a common scheme or plan. The general rule regarding aggregation of values is that before the state can aggregate amounts taken from the same person in separate incidents for the purpose of charging grand larceny, it must show that the amounts were obtained pursuant to a common scheme or plan that reflected a single, continuing larcenous impulse or intent. *See People v. Richardson*, 83 Cal.App.3d 853, 148 Cal.Rptr. 120 (1978); *State v. Roberts*, 210 Kan. 786, 504 P.2d 242 (1973), *cert. den.* 414 U.S. 832, 94 S.Ct. 168, 38 L.Ed.2d 67; *Commonwealth v. Pina*, 1 Mass.App. 411, 298 N.E.2d 895 (1973); *State v. Sampson*, 120 N.H. 251, 413 A.2d 590 (1980); *State v. Barton*, 28 Wash.App. 690, 626 P.2d 509 (1981). This "common scheme" prerequisite to aggregating values for purposes of charging higher degrees of larceny has been adopted by most jurisdictions. *See* Annot., 53 A.L.R.3d 398 (1973). This Court has previously approved of jury instructions setting forth this doctrine, albeit in the face of a challenge on different grounds. *See State v. Kombol*, 81 Idaho 530, 347 P.2d 117 (1959). The ultimate determination of whether a defendant is guilty of grand larceny because items stolen were in fact obtained in a single incident or pursuant to a common scheme or plan reflecting a single, continuing larcenous impulse or intent is, of course, for the jury to make. *See State v. Sampson, supra; People v. Robinson*, 97 Misc.2d 47, 411 N.Y.S.2d 793 (1978). The trial court in this case properly instructed the jury that:

"If the evidence shows that defendant obtained money or property by larceny at various times from the same victim having a total value exceeding $150.00, pursuant to one intention, one general impulse, and one plan to commit a series of thefts, the crime is grand larceny.

"But if the evidence shows that each larceny of money or property from the same victim of a value not exceeding $150.00, was committed with a separate and distinct intent and was not pursuant to one intention, one general impulse, and one plan, each taking is petty larceny.

"Whether or not there was present in this particular case the requisite single continuous intent, scheme, or plan which would render a series of takings a single larceny is a question to be determined by you from the evidence, as triers of the facts."

■ While the evidence in this case was not overwhelming, it was substantial enough to submit to the jury the question of whether the monies discovered in Khreish's car had been obtained pursuant to a common scheme or plan and pursuant to a single, continuing impulse or intent. Two eyewitnesses observed Lloyd emptying parking meters. The money found in the automobile in which Lloyd was travelling was all loose change of the type one would expect to come from parking meters. More importantly, an officer testified that Lloyd himself confessed that he obtained a key in Salt Lake and came to Boise for the purpose of robbing parking meters. Since, according to Lloyd himself, the key was acquired for the purpose of stealing from parking meters *in Boise*, the jury could properly have concluded from the evidence that the money found in Khreish's car came from parking meters in Boise and was the fruit of a plan hatched by Lloyd in Salt Lake. This would in turn support a conclusion that the money was obtained pursuant to a common scheme or plan reflecting a single, continuous larcenous impulse or intent.

■ Lloyd also argues that the evidence was insufficient to connect him with the money found in the car. This argument is also disposed of by his statement given to the police officer, and introduced at trial through the testimony of the officer. The jury could have properly concluded from his statements to the officer that he had stolen at least $150 of the money that was found in Khreish's car.

384

■ Finally, Lloyd argues that he was denied the effective assistance of counsel. Although Lloyd's counsel on appeal cites no authority in support of this argument, a practice which we do not condone, we have nevertheless reviewed the record and applied the standard which we adopted in *State v. Tucker*, 97 Idaho 4, 8, 539 P.2d 556, 560 (1975), that: " 'a defendant is entitled to the reasonably competent assistance of an attorney acting as his diligent conscientious advocate.' " (Quoting *United States v. DeCoster*, 487 F.2d 1197, 1202 (D.C.Cir. 1973)). Trial counsel performed admirably in representing Lloyd, and was successful in excluding a great deal of the State's evidence.[1] We conclude that Lloyd was not denied the effective assistance of counsel.

The judgment of conviction is

*Affirmed.*

BAKES, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.

1. The only specific arguments raised by appellate counsel on this issue are that the original co-defendant, Khreish, should have been flown back from Israel to testify and that a motion for change of venue should have been filed. Counsel does not elaborate on these arguments and we find them to be without merit.