**UNITED STATES of America, Appellee,**

v.

**George STAPLETON, Jr., Appellant.**

**No. 93–1950.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 18, 1993.

Decided Dec. 3, 1993.

S. Dean Price, Springfield, MO, argued (Raymond C. Conrad, Jr. and S. Dean Price, on the brief), for appellant.

Lawrence E. Miller, Jefferson City, MO, argued (Michael A. Jones and Lawrence E. Miller, on the brief), for appellee.

Before BOWMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

BOWMAN, Circuit Judge.

George Stapleton, Jr., was convicted by a jury of possession with intent to distribute cocaine and of conspiracy to possess cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1988). He was sentenced to concurrent terms of 360 months on each of the two counts. He appeals, arguing that the District Court[1] erred when it refused to suppress evidence seized in a search he contends violated his Fourth Amendment rights.

Stapleton was a passenger in a car driven by Rosalyn Golston (who was charged with Stapleton but acquitted by the jury) that was travelling on interstate highway 70 (I–70) between Kansas City and Columbia, Missouri, when it was stopped by the Missouri Highway Patrol. Trooper Dennis Boss had unverified information, received by the Patrol via an uncorroborated anonymous Crime Stoppers tip, that a maroon Cadillac with Missouri vanity license plates reading "G ROSAS," travelling eastbound on I–70 between Kansas City and Columbia, Missouri, on April 6, 1992, would be transporting crack cocaine. Boss and Trooper David Mease were pulled off on the eastbound shoulder of I–70 in Cooper County, Missouri, discussing the tip, when a car matching the tipster's description of the suspect vehicle drove by. The patrolmen were unable to tell if the Cadillac was violating any traffic laws, but the two officers, in separate cars, nevertheless pulled onto the highway and followed the Cadillac. Boss paced the Cadillac and determined that it was travelling at seventy to seventy-five miles per hour where the posted speed limit was sixty-five miles per hour.[2]

Boss turned on his red lights to tell the driver of the Cadillac to pull over. When the car stopped, Boss ordered Golston and Stapleton out of the vehicle. Boss told Golston, the owner and driver of the car, that he had stopped her for speeding, and also that he had information that the car was being used to carry narcotics from Kansas City to Columbia. Boss took Golston to his patrol car and Mease put Stapleton in his patrol car. Mease told Stapleton about the crack cocaine tip, and Stapleton refused to speak to Mease. Meanwhile, Boss asked Golston for consent to search the Cadillac and she replied that she had nothing to hide.[3] Boss searched the car and found a number of tiny zip-lock plastic bags, commonly used to package rocks of crack cocaine, inside a cloth bag on the passenger side of the car. Concealed inside a portable cellular phone that Mease found on the floorboard of the front passenger's side of the Cadillac were 47.1 grams of crack cocaine in two plastic bags. It later was learned that the telephone was registered to Stapleton.

Following a hearing before the Magistrate Judge on Stapleton's motion to suppress the evidence seized from the Cadillac, the Magistrate Judge concluded that the search and seizure did not violate Stapleton's Fourth Amendment rights and the District Court adopted the recommendation that the motion to suppress be denied. On appeal, Stapleton contends that the stop of the Cadillac for a traffic violation was pretextual, that the search was without probable cause, and that the search exceeded the scope of consent. He contends that the fruits of the search should have been suppressed.

▮ Stapleton argues that the patrolmen intended to stop the Cadillac, regardless of whether or not they had probable cause, because of the tip they received, which, he says, did not by itself establish probable cause to stop the vehicle. The subjective intent of the patrolmen is of no consequence here, however. They did, in fact, have probable cause to stop Golston's car as soon as they clocked it exceeding the speed limit. It

---

1. The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the Report and Recommendation of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

2. Golston, who was driving the car when it was stopped, testified that she set the cruise control at sixty-two to sixty-three miles per hour just outside of Kansas City, and had not varied her speed at all since that time. The Magistrate Judge found that testimony not credible. That finding of fact is not clearly erroneous.

3. Counsel for Stapleton acknowledged at oral argument that Stapleton is not now arguing that Golston did not consent to the search.

does not matter if their true intent was to stop the car to see if it was carrying drugs. Further, it is immaterial that the patrolmen had to pursue the car in order to catch Golston in violation of the law and that the officers ordinarily may not have stopped a car exceeding the speed limit by five to ten miles per hour. Once Golston committed the traffic violation, there was probable cause to stop the car. *See United States v. Cummins*, 920 F.2d 498, 500–01 (8th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 428, 116 L.Ed.2d 448, 449 (1991).

Stapleton also contends that there was no probable cause to search the car. He does not dispute, however, that Golston, as owner of the car, voluntarily gave consent to search the vehicle. Because the patrolmen had consent, no probable cause to search was necessary. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct. 2041, 2045, 36 L.Ed.2d 854 (1973).

Finally, Stapleton alleges that the search exceeded the scope of the consent, and thus violated his Fourth Amendment rights. Stapleton argues that he, not Golston, should have been asked to consent to the search of the telephone, since it was his property. The record is clear, however, that Stapleton remained silent when told of the search and the object of the search, and he did not indicate that the telephone was his property and that the patrolmen did not have his permission to search it. Given Stapleton's silence in such circumstances, it was objectively reasonable for the patrolmen to conclude either that they had all the consent that was constitutionally required (from Golston), or that they had Stapleton's implied consent. *See United States v. Martel–Martines*, 988 F.2d 855, 858 (8th Cir.1993). Stapleton's argument that the phone was not the sort of "container" found in a vehicle that officers may search without consent to the particularized search (of the telephone) is equally without merit. We think that Stapleton's definition of "container" is too restrictive, given the object of the search and the fact that the patrolmen were conducting a

consensual vehicle search. *See United States v. Ross*, 456 U.S. 798, 821 & n. 28, 102 S.Ct. 2157, 2171 n. 28, 72 L.Ed.2d 572 (1982).

Finding no error in the District Court's refusal to suppress the evidence seized in the search of the Cadillac, we affirm Stapleton's conviction.[4]

---

4. We pass over, as unnecessary to our decision, any issue as to whether Stapleton has standing to challenge the search of the car or its contents.