24 F.3d 243
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Adrian Rojas SUAREZ, Appellant.
 No. 93-3576.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 5, 1994.
Filed: May 11, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Adrian Rojas Suarez appeals from the district court's[1] denial of his motion to suppress evidence. We affirm.
 
 
 2
 The Pulaski County Sheriff's Department arrested Suarez and Luis Pena after discovering cocaine in a pickup truck occupied by Suarez and Pena. Afterwards, Suarez signed a consent-to-search form for his residence at 314 West Roosevelt Road. In Suarez's presence, officers searched the house and the crawl space beneath the house. Officers discovered cocaine buried under the crawl space.
 
 
 3
 At trial, Suarez moved to suppress the cocaine found buried beneath the house, claiming he consented to a search of only the house and not beneath the house. Suarez also asserted that he did not understand the consent form or the arresting officers because he cannot communicate in English. The district court denied Suarez's motion finding, based on the officers' testimony, that he understood English and understood the scope of the search. Subsequently, the jury found Suarez guilty of possession with intent to distribute approximately 57.354 grams of cocaine hydrochloride and approximately 9.646 grams of cocaine base and the district court sentenced him to 87 months imprisonment and four years supervised release. Suarez appeals the denial of his motion to suppress evidence obtained during the search beneath his house.
 
 
 4
 In reviewing the denial of a motion to suppress evidence, we are bound by the district court's findings of fact regarding the circumstances of the search unless, on the basis of the record as a whole, the district court clearly erred. United States v. Maholy, 1 F.3d 718, 720 (8th Cir. 1993).
 
 
 5
 The record does not indicate clear error in the district court's findings. Suarez signed a consent form to search the premises of 314 West Roosevelt Road. The officers testified that Suarez understood English, understood his consent to a search of the premises, and was fluent enough in English to communicate with the officers during the search. Suarez viewed the search outside of the house and did not object to the scope of the search or revoke his consent. Thus, a reasonable person would understand the consent to include the area around the house as well as inside. See United States v. Stapleton, 10 F.3d 582, 584 (8th Cir. 1993).
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas