## In the
# United States Court of Appeals
### For the Seventh Circuit

No. 02-2803

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

RONNIE WEST,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 3:01-30084-001—**Jeanne E. Scott**, *Judge.*

ARGUED JANUARY 17, 2003—DECIDED FEBRUARY 26, 2003

Before BAUER, POSNER, and EVANS, *Circuit Judges.*

POSNER, *Circuit Judge.*  The defendant was convicted of possessing crack cocaine with intent to sell it, and appeals on the ground that the cocaine was seized in violation of the Fourth Amendment.

Police officers stopped a car that was being driven late at night without lights. A woman was driving, and the defendant was sitting in the seat next to her. The woman explained that West was her cousin and that she had just picked him up at a motel. He denied that "West" was his name, and while acknowledging the woman as his cousin could not name her. She identified herself at first by a false

name and gave a false date of birth as well, but then she gave her true name and a computer check under that name showed that she lacked a valid driver's license. The officers asked her whether they could search the car and she replied that they "could search the whole thing." They ordered West out of the car while the search was conducted. It is unclear whether he heard the woman consent to the search, but in any event they told him that she had; and he said nothing.

An officer found a duffel bag on the floor behind the driver's seat. It had no tags or labels indicating whom it belonged to. She began searching the duffel bag and discovered male clothing in it. She told the other officer searching the car about this find and he went to the defendant, who was standing at the rear of the car, and asked him who owned the bag. The defendant said he did. The officer who was searching the duffel bag didn't hear him, so she continued the search and within two minutes discovered crack cocaine.

The defendant argues that upon learning that he was the owner of the bag, the officer to whom he had told this, who was standing with him at the rear of the car, should have told the officer searching the duffel bag to stop; and he could easily have done this before she found the cocaine, because he was only a few steps away from her and in any event well within shouting distance. This is not a preposterous argument but the defendant couples it with the preposterous argument that the officer's knowledge that the defendant was the owner of the bag should be *automatically* imputed to the officer searching the duffel bag, as if all the police officers in Springfield, Illinois (where the stop occurred) share a single brain. What the absurd argument gestures at is the valid principle that police officers cannot defeat a claim of an unreasonable

search by hiding from the searching officer information that would show that it was unreasonable, any more than they may deliberately mislead, whether by lying or by omitting material information, a magistrate to whom they have applied for a search warrant. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *United States v. Williams*, 737 F.2d 594, 604 (7th Cir. 1984). To invalidate a search on such a ground is different from doing so on the basis of information that, rather than having been deliberately concealed, *United States v. Santa*, 180 F.3d 20, 27-28 (2d Cir. 1999); *United States v. Valez*, 796 F.2d 24, 27-28 (2d Cir. 1986), could not have been communicated to the officer conducting the search. If the officer who had the information *could* have conveyed it to the searching officer in time, however, he has a duty to convey it, see *id.* at 28, just as he would if he were seeking a warrant. Nor does that duty evaporate, as the government's lawyer suggested at argument, if the search has already begun, though whether it has begun will often affect the feasibility of communicating the information in time to stop the search.

The officer who learned that West was the owner of the duffel bag could doubtless have communicated the information to the searching officer before the latter found the cocaine. But the question on which the lawfulness of the seizure of the cocaine turns is not whether West owned the duffel bag. It is whether he revoked the driver's consent to search the entire car, necessarily including the bag. By his silence in the face of her consent he forfeited any right to claim that her consent was ineffective to authorize the search because the bag was his. *United States v. Saadeh*, 61 F.3d 510, 518 (7th Cir. 1995); *United States v. Navarro*, 169 F.3d 228, 232 (5th Cir. 1999); *United States v. Stapleton*, 10 F.3d 582, 584 (8th Cir. 1993); *United States v. Langston*, 970 F.2d 692, 698 (10th Cir. 1992); *United States v. Anderson*, 859

F.2d 1171, 1177 (3d Cir. 1988). His silence was confirmation or ratification of her authority to consent.

Even if he later had said not only that the duffel bag was his but also that he did not consent to have it searched, the officers would have been entitled to ask him why, if that was so, he had not objected when the driver had given consent to the blanket search; and that legitimate inquiry would have eaten up the 90 to 120 seconds that it took to find the cocaine. Anyway West didn't say they couldn't search his bag. He just answered the question who owned it. To say he owned it *and* not couple that statement with a revocation of the driver's consent could well be thought an affirmation that the officers had his consent to search it. In any event the officer was not unreasonable in failing to interpret West's response as a denial of consent to search the bag and thus in failing to tell the other officer to stop the search.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*