## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 46014

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 12, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| RACHAEL LOUISE MEYER, aka | ) OPINION AND SHALL NOT |
| RACHEAL LOUISE MEYER, | ) BE CITED AS AUTHORITY |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Rachael Louise Meyer appeals from her judgment of conviction for trafficking in heroin. Meyer argues that the district court erred in denying her motion to suppress, erred in a number of evidentiary rulings, and abused its discretion at sentencing. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Meyer was a passenger in a vehicle that was stopped by Officer Claiborn for failure to signal. The driver acknowledged that he did not signal and consented to a search of the vehicle. A canine officer asked Meyer and the driver to step out of the vehicle. While waiting, Meyer asked Officer Claiborn if Meyer could retrieve a lighter from her purse, which was still in the vehicle. Officer Claiborn told Meyer that she could retrieve it if he was allowed to perform a

1

quick search because he was concerned she could be trying to retrieve a knife. Meyer confirmed, "so if you search it then I can have a lighter?" After Officer Claiborn agreed, Meyer attempted to get the purse but was stopped and told to stay by the vehicle. Officer Claiborn retrieved the purse and searched it on the hood of his patrol car. He noted the size of the bag as being quite large. Inside the bag was a smaller bag which contained a large amount of heroin. Meyer was placed in handcuffs and issued *Miranda*[1] warnings. While sitting in the patrol car, Meyer noticed a small bag of methamphetamine on the floor of the patrol car that did not belong to her. She was charged by information with trafficking in heroin.

Meyer filed a motion to suppress the evidence found in her purse, arguing the search exceeded the scope of her consent. The district court denied the motion following a hearing. At trial, the district court affirmed its pretrial decision to prevent any questioning regarding the methamphetamine in the patrol car. The court determined the methamphetamine would only be marginally relevant, would confuse the jury, and be a waste of time. Over Meyer's objection, the court also determined the State could introduce evidence of the other items found in Meyer's purse, including numerous cell phones and over $3,000 in cash. The jury found Meyer guilty of trafficking in heroin and she was sentenced to a unified term of thirty years, with ten years determinate. Meyer timely appeals.

## II.

## ANALYSIS

### A.    Motion to Suppress

Meyer argues the district court erred when it denied her motion to suppress. Specifically, she asserts Officer Claiborn exceeded the scope of Meyer's consent to search for knives when Officer Claiborn opened a smaller bag inside the purse. The State argues there was no limitation to Meyer's consent and even if there was, the evidence was found within the scope of the limitation because a knife could have easily fit in the smaller bag where the heroin was found. The district court did not err.

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* Valid consent is a well-recognized exception to the warrant requirement. *State. v. Stewart*, 145 Idaho 641, 644, 181 P.3d 1249, 1252 (Ct. App. 2008). Consent to search may be in the form of words, gestures, or conduct. *State v. Knapp*, 120 Idaho 343, 348, 815 P.2d 1083, 1088 (Ct. App. 1991). The standard for measuring the scope of consent under the Fourth Amendment is that of objective reasonableness, what would the typical reasonable person have understood by the exchange between the officer and the suspect. *State v. Frizzel*, 132 Idaho 522, 523, 975 P.2d 1187, 1188 (Ct. App. 1999).

The district court determined Officer Claiborn did not exceed the scope of Meyer's consent by searching inside the smaller bag within the purse. The exchange between the officer and Meyer included the following discussion:

Meyer: Can I get a lighter . . . out of my . . . .
Claiborn: Uh, I don't have a lighter.
Meyer: I have one in my purse right there.
Claiborn: Um . . .
Meyer: Please.
Claiborn: Well, if you grab a lighter, again, a lot, a lot of women carry knives in their purse. I can do a quick search, make sure there's . . . .
Meyer: Ok, so if you search it then I can have a lighter?
Claiborn: Yeah.
Meyer: Ok, I'll get it for you.

While searching the purse, Officer Claiborn asked Meyer if there was anything illegal in the purse to which Meyer responded there was not. Before discovering the heroin, Meyer asked if the officer had the lighter yet and he responded that he had not located it, and continued looking.

3

After looking in a small zebra-print bag, Officer Claiborn found a large amount of heroin that was roughly the size of a golf ball.

The district court determined that, based on an objective reasonableness standard, Meyer gave free and unqualified consent to search her purse. The district court determined that there were no restrictions placed on the scope of the search and that at no time did Meyer "express or indicate any revocation of her consent to search the purse" nor did she "indicate any objection to the manner in which Officer Claiborn was searching the purse." While Officer Claiborn mentioned concern for a knife, Meyer's consent was not limited. The district court did not err in denying Meyer's motion to suppress because Officer Claiborn did not exceed the scope of Meyer's consent by searching inside the smaller bag in her purse.

**B.      Evidentiary Rulings**

Meyer takes issue with two of the district court's evidentiary rulings: (1) the exclusion of evidence related to the methamphetamine found in the back of Officer Claiborn's patrol car, and (2) allowing the State to introduce evidence at trial of the cell phones and cash found in her purse. As to the first matter, the court did not err in prohibiting evidence of the methamphetamine. Meyer argues the presence of methamphetamine in the back of Officer Claiborn's patrol vehicle is relevant to the diligence and credibility of the officer and should not have been excluded. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of confusing the issues, confusing the jury, or wasting time. Idaho Rule of Evidence 403. A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018). Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008).

The district court determined the evidence of methamphetamine would be confusing and "an unnecessary waste of time." Both before and during trial, the court determined that the evidence would create a mini-trial as to the question of where the methamphetamine came from. As to Meyer's contention that the presence of the methamphetamine affected Officer Claiborn's credibility, it did not. To the extent the presence of the methamphetamine had some minimal relevance to Officer Claiborn's diligence and attention to proper procedures, its probative value was substantially outweighed by the clear danger of confusing the jury and wasting time. Therefore, the district court did not abuse its discretion when it precluded the evidence under I.R.E. 403.

Meyer additionally takes issue with the district court's evidentiary determination that allowed the State to introduce numerous cell phones and cash found in her purse. Specifically, she argues that this evidence was not relevant to any material fact in the case because conviction for trafficking in heroin only requires the quantity of drugs to total seven grams. Idaho Code § 37-2732B. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

The district court determined the additional evidence found in Meyer's purse was relevant and admissible. On appeal, Meyer argues that evidence of the multiple cell phones and the cash was not relevant to any material fact in the case and should have been excluded. The district court determined that evidence specifically demonstrated knowledge, which is required under the possession portion of the trafficking statute:

| Court: | You're arguing that the evidence is not relevant. |
| Counsel: | And I'm asking that because what you are saying is that evidence goes to-- |
| Court: | Goes to knowledge. |
| Counsel: | Money and five cell phones goes to knowledge of heroin? |
| Court: | Yes. It is not a very high bar to determine relevancy. And in this particular case the State is correct. It's not 404(b)[2] bad act kind of |

[2]    Idaho Rule of Evidence 404(b).

stuff. It's just plain 401,[3] 402,[4] 403[5] analysis. And so I believe that the . . . cell phone evidence and the money evidence is relevant. And I don't think it's overly prejudicial.

As correctly argued by the State, in order to prove Meyer was trafficking heroin the State had the burden to prove she "possessed" at least seven grams of heroin. In order to show possession, the State was required to further demonstrate that Meyer had knowledge and control of the substance. Meyer argued at trial that she had no knowledge of the heroin in her purse and the State countered that the multiple cell phones and cash in her bag "goes to show you that she knows what's in her purse." Also, as a number of witnesses testified, multiple cell phones are commonly associated with drug sales. Further, the State put on evidence which indicated a drug dog had positively alerted to the money, signaling drug residue on the cash. Based on this evidence, the jury could reasonably infer that Meyer had the requisite knowledge required for possession. The district court did not abuse its discretion in admitting the cell phone and cash evidence.

## C.     Sentencing Discretion

Meyer argues the district court abused its discretion when it imposed a unified sentence of thirty years with ten years determinate. According to Meyer, the sentence is not reasonable considering the objectives of criminal punishment. Meyer contends the district court should have imposed a lesser indeterminate sentence because she is a mother with no significant criminal history.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it

---

[3]     Evidence is relevant if: (a) it has any tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action.

[4]     Relevant evidence is admissible unless these rules, or other rules applicable in the courts of this state, provide otherwise. Irrelevant evidence is not admissible.

[5]     The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). A sentence need not serve all the sentencing goals or weigh each one equally. *State v. Dushkin*, 124 Idaho 184, 186, 857 P.2d 663, 665 (Ct. App. 1993).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Herrera*, 164 Idaho at 270, 429 P.3d at 158.

Meyer has failed to show the district court abused its discretion. Idaho Code § 37-2732B(a)(6)(D) proscribes the statutory limits for Meyer's offense (ten years minimum, life in prison maximum). Our review of the record reveals the court specifically considered the four main objectives of sentencing: societal protection, deterrence, rehabilitation, and retribution. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. Although Meyer attempts to use her personal history and background to mitigate her sentence now, she completely refused to participate in the presentence investigation, leaving the court with very little information besides what Meyer herself volunteered. However, this information was of limited value considering Meyer was noted as lacking credibility throughout the proceedings.[6] Meyer's sentence was within the proscribed statutory range, and the district court took into account all relevant aggravating and mitigating factors.

The record reflects the district court properly considered appropriate sentencing factors during sentencing and reached its decision by an exercise of reason. Accordingly, the district court did not abuse its sentencing discretion.

---

[6] "I'm aware of that and other matters throughout these proceedings that caused me, quite frankly, to doubt the credibility of anything that the defendant has to say. . . . it would seem to me overall if there's dishonesty and corruption here, it's on the defendant's behalf rather than the State's behalf or on the system's behalf."

**III.**

**CONCLUSION**

For the reasons set forth above, the district court did not err in denying Meyer's motion to suppress or in its evidentiary rulings. Additionally, the district court did not abuse its sentencing discretion. Accordingly, we affirm the judgment of conviction.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.