50 P.3d 1024

Mark A. BROWN, Petitioner–Appellant,

v.

**STATE OF IDAHO, Respondent.**

No. 26341.

Court of Appeals of Idaho.

March 18, 2002.

Rehearing Denied April 1, 2002.

Review Denied July 31, 2002.

Mark A. Brown, Boise, pro se appellant.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Mark A. Brown appeals from an order dismissing his application for post-conviction relief. We conclude that the district court correctly dismissed all of Brown's claims except his claim that his defense attorney was ineffective for failing to move for dismissal of duplicative counts of theft by possession of

stolen property. As to that claim, we vacate the order of dismissal and remand the case for further proceedings.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Brown filed this action for post-conviction relief after he was convicted of five counts of grand theft by possession of stolen property, Idaho Code §§ 18–2403(4) and –2407(1); two counts of burglary, I.C. § 18–1401; and one count of grand theft, I.C. §§ 18–2403(1) and –2407(1). The investigation that gave rise to Brown's conviction began when police were called about a late-night break-in at a Boise office of the Idaho Department of Correction (IDC). Police discovered that someone had broken in and vandalized the office by pouring what appeared to be a mixture of oil and gasoline over computers and other office equipment. While at the crime scene, an officer saw a van driven by Brown turn onto the road in front of the office and speed away. The officer pursued the van. After a chase in which Brown initially attempted to evade capture, he was apprehended and arrested for reckless driving. A search of his van uncovered a container holding an oily substance similar to that strewn about the IDC offices. After Brown was transported to jail in a police vehicle, officers found a container of matches in the passenger compartment where Brown had been sitting. At the time of his arrest, Brown was on parole. Later that morning, his parole officer searched Brown's residence and found numerous items that had been stolen in several separate burglaries. However, the prosecution was able to link Brown to the commission of only one burglary, that of a garden store.

Brown was tried before a jury and was convicted of the aforementioned crimes.[1] The district court imposed consecutive sentences which amount in the aggregate to a unified term of 116 years with 58 years determinate. Brown's conviction and sentences were affirmed by this Court in an unpublished opinion, *State v. Brown*, Docket No. 22598, 131 Idaho 134, 953 P.2d 218 (Ct.App. April 23, 1997).

Brown subsequently filed an application for post-conviction relief alleging, *inter alia*, that he received ineffective assistance of counsel due to his trial counsel's failure to object to and protect Brown from various errors that occurred during the criminal trial. He also alleged ineffective assistance of his appellate counsel for failure to raise the asserted trial errors as issues on appeal. Brown moved for partial summary judgment on some of the claims in his post-conviction application. After this motion was denied, he moved to dismiss all his unresolved claims and to have the denial of his summary judgment motion certified as a final judgment pursuant to Idaho Rule of Civil Procedure 54(b). The motion was granted, resulting in final judgment denying all of Brown's claims. On appeal, Brown contends that the dismissal was erroneous because he had demonstrated that his trial attorney and appellate attorney were ineffective for failing to object to, or raise on appeal, errors in the jury instructions and verdict form and for failing to seek dismissal of duplicative charges of grand theft by possession of stolen property.

## II.

### ANALYSIS

A post-conviction action is a new civil proceeding, separate from the criminal action. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App. 1992). Like a civil plaintiff, the applicant bears the burden to prove the allegations upon which the request for relief is based. I.C. § 19–4907; *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). As a result of Brown's re-

---

1. Brown was also found guilty of one count of attempted second degree arson, I.C. §§ 18–802 and 18–306. However, that charge was subsequently dismissed because the jury had not been instructed on the definition of arson.

quest that the denial of his summary judgment motion be transformed into a final judgment of dismissal, the disposition below was in effect a summary dismissal of Brown's claims. Summary dismissal of a post-conviction action is permitted if the applicant's evidence raises no genuine issue of material fact and the State is entitled to judgment as a matter of law. I.C. §§ 19–4906(b) and –4906(c); *Gonzales v. State*, 120 Idaho 759, 761, 819 P.2d 1159, 1161 (Ct.App.1991).

■ An application for post-conviction relief is an appropriate vehicle for presenting claims of ineffective assistance of counsel.[2] *State v. Machen*, 100 Idaho 167, 171, 595 P.2d 316, 320 (1979); *State v. Saxton*, 133 Idaho 546, 549–50, 989 P.2d 288, 291–92 (Ct. App.1999). In order to prevail on such a claim, an applicant must demonstrate both that his attorney's performance was deficient and that the applicant was prejudiced by the deficient representation. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995); *Davis v. State*, 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). To show deficient performance, an applicant must overcome the strong presumption that counsel's performance was adequate by demonstrating that counsel's representation did not meet objective standards of reasonableness. *Aragon*, 114 Idaho at 760, 760 P.2d at 1176; *Roman v. State*, 125 Idaho 644, 648–49, 873 P.2d 898, 902–03 (Ct.App.1994). If a defendant succeeds in establishing that counsel's performance was deficient, he must also prove the prejudice element by showing a reasonable probability that, but for the attorney's defective performance, the outcome of the criminal case would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Roman*, 125 Idaho at 649, 873 P.2d at 903.

## A. Failure to Object to Burglary Instructions

Brown was charged with and convicted of two counts of burglary, which is defined under Idaho law as the entry of a building or vehicle "with intent to commit any theft or any felony." I.C. § 18–1401. Count 1 of the information alleged that Brown committed burglary by entering an office of the IDC with the intent to commit arson. Count 4 alleged that he committed burglary by entering a garden store with the intent to commit theft. Brown contends that the instructions on these counts were inadequate for two reasons. First, they included no definition of the crimes that he was alleged to have intended to commit—arson and theft—when he entered the IDC office and the garden store. Second, the instructions combined the two counts into a single "elements of the offense" instruction that did not identify which intended crime—arson or theft—must be proven for which burglary count.

■ Whether Brown's attorneys were deficient for failing to object to the instructions depends upon whether the instructions contained errors. This is a question of law over which we exercise free review. *State v. Buckley*, 131 Idaho 179, 182, 953 P.2d 619, 622 (Ct.App.1997). Jury instructions are viewed as a whole, not individually, to determine whether the jury was properly and adequately instructed on the applicable law. *State v. Rozajewski*, 130 Idaho 644, 646, 945 P.2d 1390, 1392 (Ct.App.1997). To constitute error that would entitle a defendant to relief, an instruction must mislead the jury or prejudice the defendant. *State v. Hanson*, 130 Idaho 842, 844, 949 P.2d 590, 592 (Ct.App. 1997).

### 1. Definitions of the intended crimes

■ Brown is correct in asserting that the instructions on the burglary charges were incomplete because they included no definition of arson and theft, the crimes that he was alleged to have intended to commit when

---

2. To the extent that Brown frames some of his post-conviction claims as claims of trial error by the district court, the claims do not provide grounds for post-conviction relief because they could have been raised in Brown's direct appeal.

See I.C. § 19–4901(b); *Hollon v. State*, 132 Idaho 573, 581, 976 P.2d 927, 935 (1999); *Cootz v. State*, 129 Idaho 360, 364, 924 P.2d 622, 626 (Ct.App.1996). Therefore, the dismissal of those claims will be affirmed.

he entered the IDC office and the garden store, respectively. In this respect, the instructions did not comply with the well-established rule that a jury must be instructed on the State's burden to prove every element of a charged crime. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560, 571 (1979); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *State v. Buckley*, 131 Idaho 164, 953 P.2d 604 (1998); *State v. Crowe*, 135 Idaho 43, 47, 13 P.3d 1256, 1260 (Ct.App.2000). The instructions also did not comply with the comment to the pattern jury instruction for burglary, Idaho Criminal Jury Instruction 511, which directs that if the theft or felony referred to in the burglary instruction is not charged as a separate count, an instruction defining that offense should be included.

■ As to Count 1 the instructions were inadequate because they lacked a definition of arson. Brown's counsel may have been remiss in failing to object to this deficiency in the instructions. That does not mean, however, that Brown is entitled to relief in his post-conviction action, for he must also show that he was prejudiced by counsel's inadequate performance. That is, Brown must demonstrate that, had a definition of arson been given, there is a reasonable probability that the jury's verdict on Count 1 would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *Aragon*, 114 Idaho at 761, 760 P.2d at 1177.

■ As pertinent to this case, Idaho statutes define arson as the act of willfully and unlawfully damaging any dwelling or structure by fire or explosion. I.C. §§ 18–802, –803. This definition comports with the common usage of the word "arson" that a jury could be expected to utilize in the absence of an instruction defining the term. *See* Webster's Third New International Dictionary p. 122 (1993) ("[T]he willful and malicious burning of or attempt to burn any building, structure, or property of another (as a house, a church, or a boat) or of one's own usually with criminal or fraudulent intent."). The jury in Brown's case heard evidence that Brown was seen at about 3 a.m. speeding away from an IDC office that had just been vandalized by someone who poured a mixture of oil and gasoline over the interior. Police found in Brown's van a container of an oily substance like that left in the IDC office, and they found a container of matches in the patrol car where Brown had been seated. On this evidence, it cannot be said that there is a reasonable probability that Brown would have been acquitted of the Count 1 burglary charge if his attorney had taken the requisite steps to assure the inclusion of a jury instruction defining arson. Thus, Brown has shown no prejudice and hence no right to relief for ineffective assistance of counsel with respect to this oversight in the jury instructions on Count 1.

■ The Count 4 burglary charge alleged burglary by entry of a business with intent to commit theft. Strictly speaking, the jury instructions did not include a definition of "theft." However, all the elements of "theft" were included in an instruction that defined "theft by possession of stolen property." It is presumed that the jury followed the only definition of theft they were given. *See State v. Gray*, 129 Idaho 784, 802, 932 P.2d 907, 925 (Ct.App.1997). In Brown's trial, the jury was told that the State must prove additional elements beyond those actually required by law. The inclusion of additional elements in this instruction could not have prejudiced Brown, and hence his claim of ineffective assistance predicated on this instructional error also fails.

### 2. Combined instruction on elements of burglary charges

■ Although Brown was charged with two counts of burglary, the jury was given a single instruction on the elements of those offenses. It stated that in order to find Brown guilty of the burglary counts, the jury must find that he entered the office of the IDC and the garden store with the intent to commit theft or arson. Brown complains that nothing in this instruction specified which intended crime matched which alleged entry. However, another jury instruction listed the charges and stated which entry and intended crime coincided with each burglary count. When viewed as a whole, the jury instructions, although not artfully crafted, sufficiently informed the jury and were not

misleading or prejudicial. Therefore, Brown's trial and appellate attorneys were not deficient for failing to challenge the elements instruction on this basis.

## B. Failure to Request an Instruction on Petit Theft as a Lesser Included Offense

■ We next consider Brown's contention that his attorney was deficient for failing to request that the verdict form give the jury the option of finding Brown guilty of the lesser included offense of petit theft as an alternative to grand theft.[3] This claim is without merit. A trial court is required to instruct the jury on only those lesser included offenses that are supported by a reasonable view of the evidence presented at trial. I.C. § 19–2132(b); *State v. Arrasmith*, 132 Idaho 33, 44, 966 P.2d 33, 44 (Ct.App.1998). The evidence at trial established that the value of the stolen property in each count far exceeded $300, the statutory minimum for grand theft at the time of Brown's offenses. I.C. § 18–2407 (1995). In other words, Brown was either guilty of grand theft or not guilty of any theft; the evidence could not reasonably be construed to support a conviction of petit theft. Therefore, trial counsel was not deficient in failing to request that the verdict form include the lesser included offense of petit theft.

## C. Multiple Counts of Theft by Possession

Brown next asserts that his convictions for theft by possession in counts 3, 6, 7, 9, and 10 violate the prohibition against double jeopardy because he was convicted in five separate counts for what was only one crime.[4] These counts charged Brown with possession of property that had been taken from separate victims during separate burglaries. It was not alleged, nor did the State attempt to prove at trial, that Brown participated in the act of stealing the property; he was charged with theft by possession because the stolen property was found in his possession when police searched Brown's apartment. Brown contends that he could not properly be convicted on a separate count for each victim because the State proved only a single act of possessing all of the stolen property.

■ The Double Jeopardy Clause of the Fifth Amendment confers three separate protections. It prohibits a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664 (1969); *State v. Avelar*, 132 Idaho 775, 778, 979 P.2d 648, 651 (1999); *State v. Reutzel*, 130 Idaho 88, 95, 936 P.2d 1330, 1337 (Ct.App.1997). Brown's appeal implicates only the third of these, protection from multiple punishments for a single offense.

■ This aspect of the double jeopardy protection was addressed by the United States Supreme Court in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), where the Court rejected a criminal defendant's contention that he could not be sentenced for both the offense of first degree robbery and the offense of armed criminal action for the same course of conduct in which he committed a robbery with the use of a firearm. The Supreme Court held that the constitutional prohibition against double punishment "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* at 366, 103 S.Ct. at 678, 74 L.Ed.2d at 542. Because the Missouri legislature had clearly intended to make the same conduct punishable both as robbery and as armed criminal action, the Double Jeopardy Clause was not violated. The Court explained that "simply because two criminal statutes may be construed to proscribe the same conduct ... does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes." *Id.* at 368, 103 S.Ct. at 679, 74 L.Ed.2d at

---

**3.** The trial court gave an instruction regarding petit theft as a lesser included offense of grand theft, but the verdict form did not give jurors the alternative of finding Brown guilty of petit theft.

**4.** None of these counts alleges facts relating to the garden shop burglary, the only theft burglary that Brown was accused of personally committing.

543. *Hunter* thus establishes that legislative bodies are free to define criminal offenses and to prescribe punishment for violations free of double jeopardy restraints.

▮ We are therefore left with a question of statutory interpretation to determine whether the Idaho legislature defined the simultaneous possession of stolen goods belonging to different victims to be separate commissions of the offense of theft by possession without proof that the defendant acquired the property by separate acts of taking possession.

The pertinent portions of Idaho's theft statute, I.C. § 18–2403, provide:

(1) A person steals property and commits theft when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.

. . . .

(4) A person commits theft when he knowingly receives, retains, conceals, obtains control over, possesses, or disposes of stolen property, knowing the property to have been stolen or under such circumstances as would reasonably induce him to believe that the property was stolen, and

(a) Intends to deprive the owner permanently of the use or benefit of the property; or

(b) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

(c) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit.

It is subsection (4) that Brown was charged with violating by possessing stolen property. Brown argues that the State must prove separate "acts of possession" in order to prove separate violations of subsection (4).

The State counters that it need only prove that the stolen items possessed by Brown

were taken in separate thefts. In other words, the State urges that separate thefts do not merge into a single crime simply because the property was found in the possession of the defendant on a single date. The State relies upon I.C. § 18–2403(1), arguing that *taking* the property of another with intent to deprive the true owner is the gravamen of the offense. Thus, according to the State, separate thefts by possession are committed when a defendant obtains property that was stolen in separate thefts, even if all of the property is obtained by the defendant in a single act.

▮ We disagree with the State's interpretation of the theft statute for several reasons. First, Brown was not charged under subsection (1) but under subsection (4). Idaho Code § 18–2403, in its various subsections, defines numerous ways in which theft may be committed. The prosecutor here chose to charge Brown with theft by possession of stolen property as that offense is described under subsection (4), and that is the only type of theft that was proven at trial with respect to the counts at issue. Therefore, we see little reason to consult the language of subsection (1). Second, even if subsection (1) is pertinent to our inquiry on legislative intent, the State's argument disregards the words "obtains or withholds" in subsection (1). Even under subsection (1), the gravamen of the offense is not necessarily the act of "taking" from the owner. Third, the language of subsection (4) does not suggest a legislative intent that a single act of possession can give rise to more than one offense where, as here, there is no allegation nor evidence that the defendant knew the property came from separate victims or separate acts of stealing.[5] Finally, to the extent that the theft statute is ambiguous, the rule of lenity compels us to construe it in the favor of the accused. *See State v. Barnes,* 124 Idaho 379, 380, 859 P.2d 1387, 1388 (1993); *State v. Herrera–Brito,* 131 Idaho 383, 386, 957 P.2d 1099, 1102 (Ct.App.1998). We conclude, therefore, that I.C. § 18–

---

5. We express no opinion as to how many crimes are committed when an individual obtains possession of property with knowledge that the

property came from more than one theft or victim.

2403(4) does not define the possession of property stolen from multiple victims as multiple offenses where it is not shown that the defendant acquired the property by separate acts of possession or knew that it came from more than one victim or more than one act of stealing.

The State argues that "[u]nder Idaho law ... if a defendant acquires possession of stolen goods on day one, additional stolen goods on day two, and is caught in possession of those goods on day three, he committed crimes of theft on day one and day two, not a single crime of theft on day three." We agree. However, this example misses the point that in Brown's case, the State neither alleged nor proved that Brown acquired possession of the stolen goods on "day one" and "day two." The State presented no evidence as to how or when Brown took possession of any of the stolen property.[6] Proof that there were separate acts of stealing from different victims committed by some unidentified thief or thieves is insufficient to prove that Brown acquired the property on separate and distinct occasions, and it is therefore insufficient to prove separate acts of possession.[7]

It follows that, on the evidence presented at his trial, Brown could properly be convicted of only a single count of theft by possession of stolen property. The Idaho legislature did not prescribe multiple punishments for Brown's single act of possession, and four of the five counts should have been dismissed had a proper motion been made by defense counsel.

We thus arrive at the conclusion that Brown has made a prima facie showing that his defense attorney was deficient for failing to move for dismissal of four counts of theft by possession and that Brown was prejudiced by that deficiency. When an applicant for post-conviction relief has presented evidence creating a genuine factual issue which, if resolved in the applicant's favor, would entitle the applicant to relief, summary dismissal is impermissible. *Milburn v. State*, 130 Idaho 649, 651, 946 P.2d 71, 73 (Ct.App.1997); *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991). Therefore, the summary dismissal of Brown's claim of ineffective assistance of counsel must be vacated and the matter remanded to the district court for further proceedings.

## III.

## CONCLUSION

Although there were errors in the jury instructions on the burglary charges, Brown has not shown that the jury's verdict on those charges would have been different if defense counsel had objected to these deficiencies and the jury had been properly instructed. Therefore, he is not entitled to relief for ineffective assistance of counsel with respect to his burglary convictions. Brown has also failed to demonstrate either deficient performance or prejudice with respect to the absence of petit theft from the verdict form. However, with respect to his convictions on five counts of theft by possession, Brown has made a prima facie showing that counsel provided inadequate representation by failing to move for a dismissal of four of the five counts and that Brown was prejudiced by this deficient performance. Therefore, the summary dismissal of this claim is vacated, and the case is remanded to the district court for further proceedings with respect to this claim. The judgment of the district court dismissing Brown's remaining claims is affirmed.

Chief Judge PERRY and Judge GUTIERREZ, concur.

---

6. The only evidence that Brown knew or should have known that the property was stolen was an inference from the fact that he possessed a considerable quantity of property that had been stolen.

7. The State's reliance on the fact that the stolen property was found in three different locations, in Brown's apartment, his van and a shed near his residence, is also misplaced. One theft is not transmuted into two thefts through storage of the stolen property in two locations.