IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 39426/39427

STATE OF IDAHO,

)

2013 Opinion No. 70

)

Plaintiff-Respondent,

)

Filed: December 30, 2013

)

v.

)

Stephen W. Kenyon, Clerk

)

CHASE DALTON GILLESPIE,

)

)

Defendant-Appellant.

)

)

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgments of conviction and sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant. Sarah E. Tompkins argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent. Russell J. Spencer argued.

_____

GRATTON, Judge

In these cases consolidated for appeal, the defendant challenges judgments of conviction and sentences for multiple counts of possession of sexually exploitative material for other than a commercial purpose. The principle issues presented are whether the district court erred in determining that the defendant's possession of a thumb drive containing digital images of minors involved in sexual activity constituted possession of "electronically reproduced visual material," and whether the district court violated the constitutional prohibition against double jeopardy by imposing two sentences for what the defendant contends is a single act of possession.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In Docket No. 39426 in 2008, Chase Dalton Gillespie was charged with possession of sexually exploitative material for other than a commercial purpose in violation of former Idaho

1

Code § 18-1507A.[1]  In 2009, pursuant to a binding plea agreement, Gillespie pled guilty and the district court withheld judgment and imposed five years of probation.  On February 22, 2011, a report of probation violations was filed.  Gillespie thereafter admitted he was in violation of terms of his probation by viewing pornography and by engaging in a sexual relationship with another probationer.  The district court delayed disposition on the probation violations until resolution of additional criminal charges filed in Docket No. 39427.

In Docket No. 39427, on July 29, 2011, Gillespie was charged with two additional counts of possession of sexually exploitative material for other than a commercial purpose.  Count One charged that Gillespie possessed on a thumb drive a digital image of a minor child engaging in sexual conduct, and Count Two charged that he possessed a digital video of a minor child engaging in sexual conduct.  On the same day the information was filed, Gillespie filed a written waiver of his right to a jury trial and the parties also filed a document entitled "Stipulated Facts." As clarified with the district court before trial, the stipulation stated that review of Gillespie's computer, computer materials, and Internet accounts showed that the seized thumb drive was the only item containing illegal videos and images of minors involved in explicit sexual conduct and that it held multiple videos and images.  The State agreed to prosecute only the two filed charges. In addition, the parties stipulated to the existence of most of the elements of the charges, reserving certain limited issues for the court's resolution.  Two of those reserved issues are pertinent to this appeal.  First, the court was asked to determine whether the digital videos on the thumb drive constitute "electronically reproduced visual material" under the definition in former I.C. § 18-1507(k) (2006).[2]  Second, the parties asked the district court to determine "whether possessing each image or video may be prosecuted individually."  A brief court trial was conducted that same day.

In its subsequent findings of fact and conclusions of law, the district court determined that the digital photos and videos on the thumb drive fell within the definition of electronically reproduced visual material under former I.C. § 18-1507(k).  The district court held that Gillespie had waived the double jeopardy issue because he did not challenge the information's allegations

---

[1]     Idaho Code § 18-1507A was repealed effective July 1, 2012, and the substance of its content was incorporated into I.C. § 18-1507 (2012).

[2]     Idaho Code § 18-1507(2)(k) was amended and is now designated I.C. § 18-1507(j).

2

of two separate offenses prior to trial as required by Idaho Criminal Rule 12(b)(2). Alternatively, the court held that multiple charges were not violative of the Double Jeopardy Clause because there were different child victims involved. The district court then found Gillespie guilty on both charges.

In Docket No. 39426, the district court revoked probation, entered a judgment of conviction, and imposed a unified sentence of ten years, with two years determinate. For the two convictions in Docket No. 39427, the district court imposed unified sentences of ten years, with three years determinate, with all three sentences to run consecutively, resulting in an aggregate sentence of thirty years, with eight years determinate. Gillespie appeals.

## II.

## ANALYSIS

Gillespie claims that the district court erred in determining that the digital images he possessed constituted "electronically reproduced visual material" under former I.C. § 18-1507(k). Gillespie further claims that the district court erred in holding that his challenge to multiple possession punishment was waived. In addition, Gillespie contends that the district court erred in finding that, under the circumstances, he could be charged and sentenced for two counts of possession and that by having done so, his Fifth Amendment guarantee against double jeopardy was violated. Finally, Gillespie asserts that the district court abused its discretion by imposing excessive sentences.

### A. The Digital Images Constituted "Electronically Reproduced Visual Material"

The initial issue presented is one of statutory construction. Gillespie argues that in Docket No. 39427, the district court erred when it determined that the digital images on the thumb drive fell within the definition of "electronically reproduced visual material" under former I.C. § 18-1507(k).

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The words must be given their plain, usual, and ordinary meaning, and the statute must be construed as a whole. *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001).

3

At the time of Gillespie's possession of the thumb drive, on or about February 16, 2011, the crime of possession of sexually exploitative material for other than a commercial purpose was defined in I.C. § 18-1507A(2):

> Every person who knowingly and willfully has in his possession any sexually exploitative material as defined in section 18-1507, Idaho Code, for other than a commercial purpose, is guilty of a felony and shall be punished by imprisonment in the state prison for a period not to exceed ten (10) years and by a fine not to exceed ten thousand dollars ($10,000).

"Sexually exploitative material" was then defined in former I.C. § 18-1507(2)(k) as follows: "'Sexually exploitative material' means any photograph, motion picture, videotape, print, negative, slide, or other mechanically, electronically, or chemically reproduced visual material which depicts a child engaged in, participating in, observing, or being used for explicit sexual conduct."

Gillespie posits that the images he possessed do not fall within this definition of sexually exploitative material because the thumb drive contained "digital image files" which, he contends, are not within the category of "electronically reproduced visual material." He predicates his interpretation of the statute solely upon an amendment to Section 18-1507 adopted in 2012, after Gillespie committed his offenses. Among other changes, the amendment added the word "digitally" to the definition of "sexually exploitative material," which now states:

> "Sexually exploitative material" means any image, photograph, motion picture, video, print, negative, slide, or other mechanically, electronically, *digitally* or chemically produced or reproduced visual material which shows a child engaged in, participating in, observing, or being used for explicit sexual conduct, or showing a child engaging in, participating in, observing or being used for explicit sexual conduct, in actual time, including, but not limited to, video chat, webcam sessions or video calling.

Idaho Code § 18-1507(j) (2012) (emphasis added). Gillespie asserts that the definition in former I.C. § 18-1507(k) must not have included digitally produced or reproduced images because the term "digitally" was added to the statute in 2012. He reasons that because the legislature saw fit to add specific reference to digital images by the 2012 amendment, the legislature was acknowledging that digital images were not encompassed within the prior definition. In support of this proposition, he cites *State v. Leavitt*, 153 Idaho 142, 146, 280 P.3d 169, 173 (2012), which states that "[w]hen the legislature changes the language of a statute, it is presumed that they intended to change the application or meaning of that statute."

4

We are not persuaded. Contrary to Gillespie's argument, a change to the application or substantive meaning of a statute is not the only reason for legislative amendment; the legislature also makes amendments to clarify or strengthen the existing provisions of a statute. *Pearl v. Bd. of Prof'l Discipline of Idaho State Bd. of Med.*, 137 Idaho 107, 113-14, 44 P.3d 1162, 1168-69 (2002); *State v. Barnes*, 133 Idaho 378, 384, 987 P.2d 290, 296 (1999); *Stonecipher v. Stonecipher*, 131 Idaho 731, 735, 963 P.2d 1168, 1172 (1998); *State ex rel. Wright v. Headrick*, 65 Idaho 148, 156, 139 P.2d 761, 763 (1943); *State v. Reed*, 154 Idaho 120, 122-23, 294 P.3d 1132, 1134-35 (Ct. App. 2012). Thus, the statutory amendment adding "digitally" to the definition of sexually exploitative materials does not inherently signify a legislative intent or belief that digital images were theretofore excluded from the statute.

We think it abundantly clear that in its usual, ordinary meaning, the term "electronically reproduced visual material" in the prior statute encompasses digital images. The Oxford Dictionary defines "electronic" as "having or operating with the aid of many small components, especially microchips and transistors, that control and direct an electric current[,] . . . of or relating to electrons[,] . . . carried out or accessed by means of a computer or other electronic device . . . ." And "flash drive," a synonym for "thumb drive" is defined as "a small *electronic* device containing flash memory that is used for storing data or transferring it to or from a computer, digital camera, etc." OXFORD DICTIONARIES (2013), *available at* http://oxforddictionaries.com (emphasis added). In his argument to the district court, Gillespie admitted that the thumb drive at issue is an "electronic instrument" and that the digital images are "electronically stored" on the device. Under any commonsense definition, a digital image downloaded onto a thumb drive is "electronically reproduced visual material" within the meaning of the statute. The district court did not err in rejecting Gillespie's argument to the contrary.

## B. Gillespie's Challenge Was Not Waived

Gillespie's possession of the thumb drive was charged as two criminal offenses. The charges alleged possession of two images, a video and a photograph, depicting different children. Gillespie contends that his possession of these images on a single thumb drive constitutes only a

5

single possession and, therefore, his Fifth Amendment guarantee against double jeopardy was violated by the entry of two convictions and imposition of two sentences.[3]

The district court held that Gillespie waived his claim that possession of more than one image on a single digital device constitutes only a single criminal "possession" and therefore, the Double Jeopardy Clause prohibits more than one conviction and sentence because he was required to challenge the double charges in the information prior to trial pursuant to Idaho Criminal Rule 12(b)(2). That rule provides:

> Any defense objection or request which is capable of determination without trial of the general issue may be raised before the trial by motion. The following must be raised prior to trial:
>
> . . . .
>
> (2) Defenses and objections based on defects in the complaint, indictment or information . . . ; or
>
> . . . .
>
> (6) Motion to dismiss based upon former jeopardy.

We conclude that the district court erred in determining that Gillespie waived his challenge to multiple sentences by failing to challenge the information prior to trial. First, the State did not and does not assert that Gillespie waived his challenge. Second, the State could not do so. The challenge was, in fact, raised before trial in the issues the parties stipulated were to be determined by the court. The second issue to be determined by the district court was "whether possessing each image or video may be prosecuted individually." Determination of that issue is a precedent to the determination of whether, under the circumstances, a double jeopardy violation has occurred. Quite simply, if Gillespie could only be prosecuted for one act of possession but was prosecuted and sentenced for two acts of possession, a double jeopardy violation would arise. Thus the matter was, in fact, raised before trial. The agreed upon procedure for determination of the matter was to stipulate to certain facts and the issues for the

---

[3] The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Clause affords protection against three things: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001). It is the third of these-- protection against double punishment--that is implicated here.

6

court to determine, conduct a brief trial, and secure a determination. The fact that Gillespie also filed a post-trial motion to dismiss on the same basis did not render the issue untimely raised.[4]

**C.      Gillespie Was Properly Charged and Sentenced for Two Crimes of Possession**

Having held that the issue was not waived, we must determine whether, as Gillespie contends, he has been subjected to two sentences for a single violation of I.C. § 18-1507A. Whether Gillespie's conduct in possessing one thumb drive containing two images of two victims constituted one offense or two separately punishable offenses for double jeopardy purposes depends upon how the statute defines the offense and the unit of prosecution intended by the legislature according to the statute's language. The issue, therefore, is a matter of statutory construction. The question is: Under what circumstances, if any, does the law provide that violation of the possession statute may result in multiple charges and/or punishments?

The object of statutory interpretation is to derive the intent of the legislature. *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011). Statutory interpretation begins with the literal language of the statute. *Id*. The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219; *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Again, the statute at issue here is former I.C. § 18-1507A, which read:

> (1) It is the policy of the legislature in enacting this section to protect children from the physical and psychological damage caused by their being used in photographic representations of sexual conduct which involves children. It is, therefore, the intent of the legislature to penalize possession of photographic representations of sexual conduct which involves children in order to protect the identity of children who are victimized by involvement in the photographic representations, and to protect children from future involvement in photographic representations of sexual conduct.
>
> (2) Every person who knowingly and willfully has in his possession any sexually exploitative material as defined in section 18-1507, Idaho Code, for other than a commercial purpose, is guilty of a felony, and shall be punished by imprisonment in the state prison for a period not to exceed ten (10) years and by a fine not to exceed ten thousand dollars ($10,000).

---

[4]      As the issue was raised pretrial, we need not discuss whether the Gillespie's challenge in this case actually falls within the Rule 12(b)(6) requirement of a pretrial motion to dismiss "based upon former jeopardy."

The term "sexually exploitative material" was defined by I.C. § 18-1507(2)(k) as, "any photograph, motion picture, videotape, print, negative, slide, or other mechanically, electronically, or chemically reproduced visual material which depicts a child engaged in, participating in, observing, or being used for explicit sexual conduct."

Gillespie focuses on the statutory language prohibiting possession of "any sexually exploitative material." He asserts that there are "two items of significance in this definition." Gillespie contends that the term "material" is a collective noun, reflecting an intent to limit prosecution to that which is possessed collectively rather than singularly. He also points to the term "any" and argues that other courts have construed that term to also reflect an intent to prosecute collectively or, at least, that it is sufficiently ambiguous to require application of the rule of lenity.

As noted, "sexually exploitative material" is a defined term and "material" refers to the individual items listed in the definition provided by the legislature. Reading the definition from I.C. § 18-1507(2)(k) in place of "sexually exploitative material," the relevant language prohibits knowingly and willfully possessing "any photograph, motion picture, videotape, print, negative, slide, or other mechanically, electronically, or chemically reproduced visual material which depicts a child engaged in, participating in, observing, or being used for explicit sexual conduct." Thus, the definition refers to imaging media in the singular and refers to the victim, "a child," also in the singular.

Gillespie looks to other divided jurisdictions[5] to argue that the word "any," as used in the statute, is a collective term and does not identify the unit of prosecution to be each image or

---

[5]    Jurisdictions are split on whether the unit of prosecution for possession of child pornography is each image possessed or all images possessed simultaneously. Some jurisdictions have determined that multiple counts are appropriate where a defendant possesses multiple images. *United States v. Esch*, 832 F.2d 531, 542 (10th Cir. 1987) ("[O]ur conclusion that the correct unit of prosecution is each use of the children to create a visual depiction is supported by the legislative history, which indicates an unequivocal intent to protect children from the abuse inherent in the production of sexually explicit materials."); *State v. McPherson*, 269 P.3d 1181, 1184-85 (Ariz. Ct. App. 2012) ("[U]nder our own statutes, we can only conclude the legislature intended separate punishments for separate or duplicate images of child pornography, even when those images are acquired at the same time."); *People v. Renander*, 151 P.3d 657, 661-62 (Colo. App. 2006) (finding that the plain language of the statute, which included "any," and the general assembly's statement declaring that mere possession of child pornography resulted in continuing victimization of a child, showed the general assembly's

intent to prohibit each item of sexually exploitative material); *Fink v. State*, 817 A.2d 781, 788 (Del. 2003) (finding that the clearest reading of the statute is that each individual visual depiction of child pornography possessed constituted a separate offense); *State v. Farnham*, 752 So. 2d 12, 14-16 (Fla. Dist. Ct. App. 2000) (finding that the legislative intent was to make the possession of one single depiction of child pornography illegal); *Brown v. State*, 912 N.E.2d 881, 894-95 (Ind. Ct. App. 2009) (finding that the legislature's use of the word "any" coupled with a listing of objects in the singular indicated the legislature's intent to criminalize each picture as a distinct occurrence); *Williams v. Commonwealth*, 178 S.W.3d 491, 495 (Ky. 2005) ("The singular form of 'photograph' read in conjunction with the term 'any' clearly indicates that the Legislature intended prosecution for each differing photograph."); *State v. Fussell*, 974 So. 2d 1223, 1235 (La. 2008) ("[W]e hold that the language of [the statute] evidences a legislative intent to allow a separate conviction on a separate count for each child, in each sexual performance in which that child is victimized, that is captured in any photographs, films, videotapes, or other visual reproductions that a defendant intentionally possesses."); *State v. Mather*, 646 N.W.2d 605, 610-11 (Neb. 2002) (the term "any" along with the singular form of "photographic representation" indicates that the legislature intended prosecution for each differing image); *State v. Cobb*, 732 A.2d 425, 433-34 (N.H. 1999) (finding that the use of "any" in the statute demonstrated that the legislature intended the unit of prosecution to be each separate image); *State v. Howell*, 609 S.E.2d 417, 421 (N.C. Ct. App. 2005) (finding that the general assembly intended that a defendant could be charged for each image of child pornography possessed in order to protect individual minors from harm); *Commonwealth v. Davidson*, 938 A.2d 198, 219 (Pa. 2007) (the word "any" followed by a list of singular objects demonstrated the general assembly's intent to make each image of child pornography a separate crime); *State v. Martin*, 674 N.W.2d 291, 303 (S.D. 2003) (interpreting the state statute to mean that each image of child pornography constituted a separate offense, which comported with the underlying rationale of protecting exploited children); *Vineyard v. State*, 958 S.W.2d 834, 838 (Tex. Crim. App. 1998) (holding that the legislature intended to make possession of each item of child pornography an allowable unit of prosecution); *State v. Morrison*, 31 P.3d 547, 555-56 (Utah 2001) ("The clearest reading of the statute is that each individual 'visual representation' of child pornography that is knowingly possessed by a defendant constitutes the basis for a separate offense."); *Mason v. Commonwealth*, 636 S.E.2d 480, 484 (Va. Ct. App. 2006) (finding that the use of the word "a" followed by a succession of singular nouns in the definition of "sexually explicit visual material" indicated the legislature's intent that each image of child pornography constituted an offense); *State v. Multaler*, 643 N.W.2d 437, 451 (Wis. 2002) ("The singular formulation of these items covered under the statute modified by the term 'any' is evidence that the legislature intended prosecution for each photograph or pictorial reproduction.").

Jurisdictions holding that the unit of prosecution is all images possessed include *United States v. Polouizzi*, 564 F.3d 142, 155 (2d Cir. 2009) (holding that the language "1 or more" in the statute specifies the plural and, therefore, only one conviction was allowed for the possession of multiple visual depictions of child pornography); *United States v. Reedy*, 304 F.3d 358, 367-68 (5th Cir. 2002) (concluding that the federal statute was ambiguous and should be resolved in the favor of lenity); *Culver v. State*, 22 So. 3d 499, 514-15 (Ala. Crim. App. 2008) (finding that the unit of prosecution was the single act of possession regardless of how many items were

victim. However, despite what other jurisdictions may hold, our Supreme Court construed a statute using the term "any," followed by singularly described items, to allow for multiple prosecutions and punishments in *State v. Zaitseva*, 135 Idaho 11, 13 P.3d 338 (2000). In *Zaitseva*, the Idaho Supreme Court held that a defendant was properly convicted of fourteen counts of possession of a forged, blank, or unfinished check found in the defendant's possession at the same time. *Id.* at 14, 13 P.3d at 341. The defendant argued that the multiple charges were improper because language in the statute prohibited possession of a "check or checks," and this language indicated possession of more than one check constituted only one violation. *Id.* The Idaho Supreme Court disagreed, citing the relevant portion of the statute which prohibited the possession of "*any* blank or unfinished note or bank bill or check made in the form or similitude of any promissory note or bill or check . . . with [the] intention to fill up and complete such blank and unfinished note or bill or check." *Id.* (quoting I.C. § 18-3605) (emphasis added). Thus, our Supreme Court has not viewed the word "any" as a collective term limiting prosecution to a

---

actually possessed); *People v. Manfredi*, 86 Cal. Rptr. 3d 810, 819 (Cal. Ct. App. 2008) (finding that the word "any" had been construed as ambiguously indicating the singular or the plural and applying the rule of leniency to provide the defendant with the benefit of the ambiguity); *People v. McSwain*, 964 N.E.2d 1174, 1188 (Ill. App. Ct. 2012) (finding that the simultaneous possession of multiple images cannot support multiple convictions because the statute's use of the word "any" does not define the unit of prosecution and therefore, the statute must be construed in favor of the defendant) (Note, however, that recently the Appellate Court of Illinois, Second District issued two opinions regarding similar issues. In the first case, *People v. Sedelsky*, 997 N.E.2d 664, 670 (Ill. App. Ct. 2013), the Court concluded that the same image stored in the same digital medium cannot constitute separate offenses. In the second case, *People v. Murphy*, 997 N.E.2d 760-61 (Ill. App. Ct. 2013), the Court stated, contrary to *McSwain*, that images of multiple children could constitute separate offenses.); *State v. Muhlenbruch*, 728 N.W.2d 212, 214-215 (Iowa 2007) (finding that the language of the statute, which criminalized the possession of a computer or other visual or print medium, provided the unit of prosecution as each computer and not the individual images within the computer); *State v. Donham*, 24 P.3d 750, 756 (Kan. Ct. App. 2001) (holding that the plain language of the sexual exploitation statute prohibits the possession of a floppy disk containing child pornography but does not criminalize the individual images retrieved from the floppy disk); *State v. Liberty*, 370 S.W.3d 537, 553 (Mo. 2012) (applying the rule of lenity after finding the statute to be ambiguous); *State v. Ballard*, 276 P.3d 976, 984-85 (N.M. Ct. App. 2012), *cert. granted*, 294 P.3d 446 (N.M. 2012) (finding that each distinct download constituted a separate offense, but that multiple images within a download were not separate offenses); *State v. Sutherby*, 204 P.3d 916, 921 (Wash. 2009) (finding that the proper unit of prosecution is one based on the Court's prior construction of the term "any" and the rule of lenity).

single possession charge but has, quite to the contrary, determined that multiple charges are appropriate under a statute that prohibits the possession of "any" of the singular items described. We are constrained to hold that the Supreme Court's determination in *Zaitseva* is controlling in this case and Gillespie was subject to prosecution for each image.

Finally, Gillespie asserts that other possession-based offense cases support his claim that he could only be properly charged with one count of possession of sexually exploitative material, relying upon *State v. Major*, 111 Idaho 410, 725 P.2d 115 (1986) and *Brown v. State*, 137 Idaho 529, 50 P.3d 1024 (Ct. App. 2002). However, Gillespie's argument based upon these cases is the same analysis presented by the lone dissent in *Zaitseva*. The dissent in *Zaitseva*, citing to *Major*, contended that multiple charges are only appropriate when the *actus reus* prohibited by the statute is committed more than once. *Zaitseva*, 135 Idaho at 16, 13 P.3d at 343 (Trout, J. dissenting). The dissent further noted that the Court in *Major* had held that in order to determine whether possession of stolen property constituted multiple offenses is to ask: "[W]ere the items possessed as a part of 'a single incident or pursuant to a common scheme or plan reflecting a single, continuing [criminal] impulse or intent.'" *Zaitseva*, 135 Idaho at 16, 13 P.3d at 343 (Trout, J. dissenting); *Major*, 111 Idaho at 414, 725 P.2d at 119 (quoting *State v. Lloyd*, 103 Idaho 382, 383, 647 P.2d 1254, 1255 (1982) (unanimous decision)). Applying this test, the dissent concluded that the *actus reus* of the crime is the possession and all of the checks were possessed at the same time pursuant to a common scheme or plan reflecting a single, continuing criminal impulse or intent, thus allowing only a single charge. *Major*, 111 Idaho at 414, 725 P.2d at 119. Similarly citing *Major* and *Brown*,[6] Gillespie argues that he is only subject to a single count since the gravamen of the crime is possession and he possessed the images at the same time as part of a single incident in which all of the images were received at the same time. This contention was rejected by the majority in *Zaitseva*.

---

[6]     In *Brown*, we declined to hold how many crimes are committed when an individual obtains possession of property with knowledge that the property came from more than one theft or victim, and we simply held that the statute did not constitute multiple offenses "where it is not shown that the defendant acquired the property by separate acts of possession or knew that it came from more than one victim or more than one act of stealing." *Brown*, 137 Idaho at 537, 50 P.3d at 1032. In *Brown*, the State failed to produce evidence that the defendant had acquired the stolen property at different times or that the defendant knew they came from different thefts or victims.

11

**D. Gillespie's Sentences Were Not Excessive**

For Gillespie's probation violations in Docket No. 39426, the district court revoked probation, entered a judgment of conviction, and imposed a ten-year sentence with two years determinate. On the two convictions in Docket No. 39427, the district court imposed ten-year sentences with three years determinate, with the three sentences to run consecutively, resulting in an aggregate period of incarceration of thirty years, with eight years determinate.

An appellate review of a sentence is based upon an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Gillespie argues that his volatile childhood and other factors mitigate his crimes and establish that his sentences are excessive. However, the record shows that in Docket No. 39426, Gillespie received lenity, being granted a withheld judgment and probation on his first conviction for possession of sexually exploitative material for other than a commercial purpose. He then repeatedly and persistently violated terms of probation, mostly for sexual misconduct and accessing the Internet without permission. His probation officer did not seek revocation of probation until the third set of violations. A search at this time found Gillespie again in possession of images of minors engaged in sexual conduct, which gave rise to his second conviction. A polygraph conducted as part of a psychosexual evaluation for sentencing purposes indicated that Gillespie was not truthful in denying that he had committed other sex crimes. The

psychosexual evaluator concluded that Gillespie was not amenable to community-based treatment and recommended that he be placed in a secure facility for sex offender treatment.  On this record, and considering particularly Gillespie's poor performance while on probation for his first sexual exploitation offense, we cannot say that his sentences are excessive.

## III.

## CONCLUSION

Gillespie's judgments of conviction and sentences are affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

13