**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51362**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 29, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| TOBY JASON SMITHERMAN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Brent L. Whiting, District Judge.

Judgment of conviction for two counts of leaving the scene of an accident resulting in an injury or death and being a persistent violator, <u>affirmed</u>.

Nevin, Benjamin & McKay, LLP; Valeri Kiesig, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Toby Jason Smitherman appeals from his judgment of conviction for two counts of leaving the scene of an accident resulting in an injury or death and being a persistent violator. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Smitherman ran a stop sign resulting in a collision involving three other cars. As a result of the collision, two people in separate cars were injured. After being contacted by police officers, but prior to providing his driver's license and proof of insurance as requested or furnishing any information or aid to the drivers or occupants of the other vehicles, Smitherman left the scene of the accident on foot. Smitherman was charged with two counts of leaving the scene of an accident resulting in injury or death and being a persistent violator. Prior to trial, Smitherman moved to dismiss either of the counts as multiplicitous and, therefore, violative of due process under the

Fourteenth Amendment to the United States Constitution and Article I, Section 13 of the Idaho Constitution. At a hearing on the motion, Smitherman argued the State could not charge two counts of leaving the scene of an injury accident when he was only alleged to have left the scene of one accident, albeit with two injured people. His motion was denied[1] and he was found guilty by a jury of both counts of leaving the scene of an accident resulting in injury or death, I.C. § 18-8007, and being a persistent violator, I.C. § 19-2514.[2] Smitherman appeals, arguing that his prosecution and sentencing for the two offenses violated protections against being placed in jeopardy twice for the same offense found in the United States and Idaho Constitutions.

## II.

## STANDARD OF REVIEW

Whether a defendant's prosecution complies with the constitutional protection against being placed in jeopardy twice is a question of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000).

## III.

## ANALYSIS

Smitherman was charged with two violations of I.C. § 18-8007, which provides in relevant part:

> (1) The driver of any vehicle that has been involved in an accident, either upon public or private property open to the public, who knows or has reason to know that said accident has resulted in injury to or death of any person shall:
> (a) Immediately stop the vehicle at the scene of the accident or as close thereto as possible. Every stop required under this section shall be made without obstructing traffic more than is necessary.
> (b) Remain at the scene of the accident until the driver has fulfilled all the requirements under this section.
> (c) Give his name, address, the name of his insurance agent or company if he has automobile liability insurance, and the motor vehicle registration number of the vehicle he is driving to the person struck, or to the driver or occupant of or person attending any vehicle collided with.

---

[1] The district court ruled from the bench and reasoned that, because the accident involved multiple injuries, Smitherman could be charged with multiple counts of leaving the scene of an accident resulting in injury or death.

[2] Smitherman had also been charged with and found guilty of driving a vehicle without the owner's consent, reckless driving, and leaving the scene of an accident involving damage to a vehicle. However, he does not challenge these judgments of conviction on appeal.

(d)　　If available, exhibit his driver's license to the person struck, or to the driver or occupant of or person attending any vehicle collided with.

(e)　　Render to any person injured in the accident reasonable assistance, including the conveying or the making of arrangements for the conveying of such person to a physician, surgeon, hospital or other medical facility, for medical or surgical treatment, if it is apparent that such treatment is necessary or if such conveying is requested by the injured person.

Citing Webster's Dictionary, Smitherman concedes that the meaning of the word "any" as used in the statute unambiguously means one, some or all indiscriminately of whatever quantity. He argues, however, that there was only one accident and that the statute unambiguously refers to "an accident" or "the accident"--plainly singular references. He argues that the *actus reus* of the offense is leaving the scene of the accident and that interpreting the statute to mean that every injury resulting from the accident is a separate accident would yield an absurd result. Smitherman claims that the two convictions violate the Double Jeopardy Clause of the United States Constitution because his criminal conduct constituted one act--leaving the scene of an injury accident. He also argues that his judgment of conviction for two counts of leaving the scene of an injury accident violate the double jeopardy protections of Article I, Section 13 of the Idaho Constitution because one offense was the means by which the other was committed.

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Clause affords a defendant three basic protections. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001).

Both counts in the information charging Smitherman with leaving the scene of an injury accident are identical except for the name of the person injured. Smitherman's double jeopardy claim implicates the Fifth Amendment's protection against multiple criminal punishments for the same offense. Generally, a two-part analysis applies to determine whether the Double Jeopardy Clause bars multiple punishments for the same offense. First, in addressing the statutory provisions at issue in this case, we utilize the test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). This test provides that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there have been two offenses or only one for double jeopardy purposes is whether each statutory provision

requires proof of an additional fact which the other does not. *Id.*; *State v. Moffat*, 154 Idaho 529, 531, 300 P.3d 61, 63 (Ct. App. 2013). The second step of the analysis requires a factual inquiry into whether the criminal conduct was part of one continuing event or two separate acts. *State v. Lee*, 172 Idaho 106, 109, 529 P.3d 771, 774 (Ct. App. 2023).

Under the Double Jeopardy protections of the Idaho Constitution, courts follow the "pleading theory" to determine whether one count is a lesser-included offense of another, and thus whether a defendant is being charged twice for the same offense. *State v. Thompson*, 101 Idaho 430, 433-35, 614 P.2d 970, 973-75 (1980). Under this pleading theory, a court must consider whether the terms of the charging document allege that both offenses arose from the same factual circumstances such that one offense was the means by which the other was committed. *Id.* at 435, 614 P.2d at 975; *State v. Moad*, 156 Idaho 654, 658, 330 P.3d 400, 404 (Ct. App. 2014).

Smitherman's conduct caused separate collisions between separate vehicles, but we need not address whether there was more than one accident. Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. Under the plain language of I.C. § 18-8007, it is not leaving the scene that is the crime--it is leaving the scene without providing relevant information to a driver, an occupant, or a person of any vehicle collided with. More specifically, I.C. § 18-8007 provides that Smitherman owed separate duties to each person involved in the accident, including other drivers, passengers and persons injured.[3] He was required to stop and remain at the scene until he had fulfilled all the requirements of the statute, including providing certain information to the person struck or to the driver or occupant of or person attending any vehicle collided with and rendering aid to any person injured. Therefore, each statutory provision, because of the duty owed to each separate victim, requires proof that the other does not, i.e. the name of the person to whom Smitherman owed a duty. The information and the jury instructions correctly identified, as elements of the crimes, the identity of the persons to whom Smitherman owed certain duties under the statute. Accordingly, each count requires proof of an additional fact which the other does not (the name of the person to whom the duty is

---

[3]      Causing the accident is not a crime.

owed) and, thus, they are separate offenses under the *Blockburger* test. Similarly, as to Article I, Section 13 of the Idaho Constitution, we cannot say that both offenses arose from the same factual circumstances such that one offense was the means by which the other was committed because separate duties were owed to each victim.

Smitherman argues that use of the word "any" in I.C. § 18-8007 should not be read as unambiguously allowing multiple prosecutions for a single course of conduct and that allowing a separate prosecution for each victim would lead to an absurd result. We disagree. For example, in *State v. Zaitseva*, 135 Idaho 11, 13 P.3d 338 (2000), a case involving a somewhat similar issue involving the word "any" in a statute, the defendant was in possession of fourteen blank checks. She was convicted of fourteen counts of violating I.C. § 18-3605 which provided, in part:

> Every person who has in his possession, or receives from another person, any forged promissory note or bank bill, or bank bills, or check or checks, for the payment of money or property, with the intention to pass the same, or to permit, cause, or procure the same to be uttered or passed, with the intention to defraud any person, knowing the same to be forged or counterfeited, or has or keeps in his possession any blank or unfinished note or bank bill or check made in the form or similitude of any promissory note or bill or check for payment of money or property, made to be issued by any incorporated bank or banking company, with the intention to fill up and complete such blank and unfinished note or bill or check, or to permit or cause, or procure the same to be filled up in order to utter or pass the same, or to permit, or cause, or procure the same to be uttered or passed, to defraud any person, is punishable by imprisonment in the state prison for not less than one (1) nor more than fourteen (14) years.

Zaitseva argued that because the statute prohibited possession of a "check or checks," possession of more than one check constituted only one violation. The Idaho Supreme Court affirmed her convictions noting that the relevant portion of the statute under which she was convicted prohibited possession of "*any* blank or unfinished note or bank bill or check made in the form or similitude of any promissory note bill or check . . . with [the] intention to fill up and complete such blank and unfinished note or bill or check." *Zaitseva*, 135 Idaho at 14, 13 P.3d at 341 (quoting I.C. § 18-3605) (emphasis added). Thus, the defendant relied on her double jeopardy claim on a portion of the statute which prohibited possession of any forged "check or checks." But as noted by the Supreme Court, Zaitseva was convicted under another part of the statute which unambiguously prohibited possession of any blank or unfinished check--permitting a separate conviction for each check. Thus, a statute prohibiting possession of *any* forged check (as opposed to "check or checks") allows for prosecution for each forged check possessed.

Similarly, in *State v. Gillespie*, 155 Idaho 714, 316 P.3d 126 (Ct. App. 2013), the defendant possessed a thumb drive which contained two separate images of children engaged in sexual conduct. He was charged with and convicted of two counts of former I.C. § 18-1507A, which provided in relevant part that "every person who knowingly and willfully has in his possession any sexually exploitative material . . . is guilty of a felony." The term "sexually exploitative material" was defined in I.C. § 18-1507(2)(k) as including "any photograph, motion picture, videotape, print, negative, slide, or other mechanically, electronically, or chemically reproduced visual material which depicts a child engaged in, participating in, observing, or being used for explicit sexual conduct." The defendant argued that his convictions violated double jeopardy protections because the word "any" as used in the statute "is a collective term and does not identify the unit of prosecution to be each image or victim." This Court disagreed because "material" was expressly defined as singular items. We affirmed, citing *Zaitseva*, and observed that the Idaho Supreme Court "has not viewed the word 'any' as a collective term limiting prosecution to a single possession charge but has, quite the contrary, determined that multiple charges are appropriate under a statute that prohibits the possession of 'any' of the singular items described." *Gillespie*, 155 Idaho at 720-21, 316 P.3d at 132-33.

Idaho Code Section 18-8007 unambiguously permits prosecution for each separate failure to comply with statutory duties to provide information and assistance to each person involved in the accident, including other drivers, passengers and persons injured. Therefore, the district court did not err in the denial of Smitherman's motion to dismiss.

## IV.

## CONCLUSION

Smitherman's judgment of conviction for two counts of I.C. § 18-8007 did not violate the Double Jeopardy Clause of the United States Constitution or Article I, Section 13 of the Idaho Constitution. Therefore, Smitherman's judgment of conviction for two counts of leaving the scene of an accident resulting in an injury or death and being a persistent violator is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.