ACCEPTED
13-14-00200-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/10/2015 12:15:13 PM
DORIAN RAMIREZ
CLERK

**No. 13-14-200-CR**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/10/2015 12:15:13 PM
DORIAN E. RAMIREZ
Clerk

IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI

## THE STATE OF TEXAS, APPELLANT

**v.**

## RHONDA ROMBS, APPELLEE.

ON APPEAL FROM COUNTY COURT AT LAW NO. 2
NUECES COUNTY, TEXAS

## APPELLANT'S BRIEF
## (STATE'S APPEAL)

Christopher L. Morrell
State Bar No. 24077383
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0700 (fax)
christopher.morrell@co.nueces.tx.us

Attorney for Appellant

**ORAL ARGUMENT IS REQUESTED**

# IDENTITY OF PARTIES AND ATTORNEYS

State's Trial Attorney:
> Matthew S. Manning
> State Bar No. 24075847
> Assistant District Attorney
> 105th Judicial District of Texas
> 901 Leopard, Room 206
> Corpus Christi, Texas 78401
> (361) 888-0410
> (361) 888-0399 (fax)
> matthew.manning@co.nueces.tx.us


State's Appellate Attorney:
> Christopher L. Morrell
> State Bar No. 24077383
> Assistant District Attorney
> 901 Leopard, Room 206
> Corpus Christi, Texas 78401
> (361) 888-0410
> (361) 888-0700 (fax)
> christopher.morrell@co.nueces.tx.us

Appellee:
> Rhonda Rombs
> 7613 Baykal, Corpus Christi, TX 78411
> 361-290-9456

Appellee's Trial Attorney:
> Constance A. Luedicke
> State Bar No. 12673300
> 5262 S. Staples St., Ste. 250, Corpus Christi, TX 78411
> (361) 883-0838
> cluedicke@sbcglobal.net

Appellee's Appellate Attorney:
Stephen W. Byrne
State Bar No. 24050365
302 Rosebud Ave, Corpus Christi, TX 78404
(361) 877-2099
byrne.attorney@gmail.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND ATTORNEYS ............................................. i

INDEX OF AUTHORITIES ......................................................... iv

STATEMENT OF THE CASE ........................................................1

ISSUES PRESENTED ............................................................1

**Ground of Error**
**The trial court erred by granting defendant's motion to suppress, and specifically, in concluding that Officer Durbin lacked consent to search the wallet.**............................................................1

STATEMENT OF FACTS ..........................................................2

SUMMARY OF THE ARGUMENT .................................................3

ARGUMENT ....................................................................3

    **I. Appellate Jurisdiction.**................................................3
    **II. Appellate Standard of Review.**.......................................3
    **III. Officer Durbin Had Consent to Search Rhonda Rombs' Wallet.**............................................................3

PRAYER......................................................................6

RULE 9.4(i) CERTIFICATION ...................................................7

CERTIFICATE OF SERVICE ....................................................7

# INDEX OF AUTHORITIES

## Cases

*Amador v. State,* 221 S. W.3d 666 (Tex. Crim. App. 2007). .........................3

*United States v. Battista,* 876 F.2d 201 (D.C.Cir.1989)................................5

*United States v. Crain,* 33 F.3d 480 (5th Cir. 1994).........................................4

*Florida v. Jimeno,* 500 U.S. 248, 111 S.Ct. 1801 (1991)........................... 3, 4

*Heald v. State,* 492 N.E.2d 671 (Ind. 1986). ..................................................5

*Lemons v. State,* 298 S.W.3d 658 (Tex. App.-Tyler 2009, pet. ref'd). ...........4

*United States v. Mendoza—Gonzalez,* 318 F.3d 663 (5th Cir. 2003)...............4

*United States v. Stapleton,* 10 F.3d 582 (8th Cir. 1993)..................................4

## Statutes & Rules

TEX. CODE CRIM. PROC. 44.01(a)(5).......................................................3

| THE STATE OF TEXAS, | § | COURT OF APPEALS |
| Appellant, | § | |
| | § | |
| V. | § | FOR THE THIRTEENTH |
| | § | |
| RHONDA ROMBS, | § | |
| Appellee. | § | DISTRICT OF TEXAS |

## APPELLANT'S BRIEF
### (STATE'S APPEAL)

TO THE HONORABLE COURT OF APPEALS:

## STATEMENT OF THE CASE

Rhonda Rombs was charged with possession of a dangerous drug by information on July 7, 2012 (CR p. 4). She filed a motion to suppress challenging the search which revealed the drug in question (CR p. 27), which the court granted (CR p. 28). The State filed a timely notice of appeal from this order (CR p. 29), and a timely request for findings of fact and conclusions of law (CR p. 32). Findings of fact and conclusions of law were filed by the trial court (Supp. CR p. 6-9).

## ISSUES PRESENTED

### Ground of Error
**The trial court erred by granting defendant's motion to suppress, and specifically, in concluding that Officer Durbin lacked consent to search the wallet.**

# STATEMENT OF FACTS

On July 7, 2012, Officer Chance Durbin with the Corpus Christi Police Department was patrolling the area of Yorktown and Everhart streets when he observed two subjects, a female and a male, sitting outside a Stripes store (Supp. CR p. 4). The officer noticed that the female was crying and he wanted to investigate further to see if she was involved in a disturbance and to check the welfare of both of them (Supp. CR p. 4). As the officer approached appellee, he observed that she was actively crying, that her eyes were red, bloodshot, and that she was slurring her words (Supp. CR p. 4).

Officer Durbin asked appellee what was going on and she advised that she was having a disturbance with her mother and that she and her roommate left that location and walked to the Stripes store (Supp. CR p. 5). The officer observed a purse sitting next to appellee and asked her, "If she minded if I took a look in her purse" (Supp. CR p. 5). The officer stated that in response to his request, she said, "Go ahead. I don't mind" (Supp. CR p. 5). The officer picked up the purse and started looking through it and searching it (Supp. CR p. 5). Inside the purse, the officer found a closed woman's wallet (Supp. CR p. 5). The officer opened the closed pocket of the wallet and found two and a half white pills (Supp. CR p. 5). At no point when officer Durbin was searching in the purse did Ms. Rombs rescind her consent (RR p. 9).

2

## SUMMARY OF THE ARGUMENT

The trial court erred in granting defendant's motion to suppress because the officer expressly had consent to search the contents of the purse, which included the wallet within that purse.

## ARGUMENT

### I. Appellate Jurisdiction.

The State is permitted to appeal the trial court's order in this case under the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. 44.01(a)(5).

### II. Appellate Standard of Review.

A trial court's ruling on a motion to suppress evidence is reviewed on appeal under a bifurcated standard of review. *Amador v. State,* 221 S. W.3d 666, 673 (Tex. Crim. App. 2007). Almost total deference is accorded to a trial court's determination of the facts that the record supports. *Id.* When applying the law to the facts, appellate courts review the trial court's ruling on those questions de novo. *Id.*

### III. Officer Durbin Had Consent to Search Rhonda Rombs' Wallet.

"The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness-what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Florida v. Jimeno*, 500 U.S. 248, 251, 111 S. Ct. 1801 (1991).

With regard to vehicle searches, if an officer makes a general request to search and the individual consents, knowing that there are unlocked containers in the car, the individual should expressly limit his consent to the vehicle but not the containers or, at the very least, object when the officer begins to open the container. *See Jimeno,* 500 U.S. at 251; *United States v. Crain,* 33 F.3d 480, 484 (5th Cir. 1994); *see also Lemons v. State,* 298 S.W.3d 658, 661 (Tex. App.-Tyler 2009, pet. ref'd). Of course, a person is free to limit the scope of the consent that he gives, *Jimeno,* 500 U.S. at 252, but a person's silence in the face of an officer's further actions may imply consent to that further action. *United States v. Stapleton,* 10 F.3d 582, 584 (8th Cir. 1993). Furthermore, "[i]f the consent to search is entirely open-ended, a reasonable person would have no cause to believe that the search will be limited in some way." *United States v. Mendoza— Gonzalez,* 318 F.3d 663, 670 (5th Cir. 2003).

In the present case, at no time was Rhonda Rombs's consent limited, and she freely gave the officer consent to search her purse. There is no tangible difference between allowing consent to search a purse and to search a wallet located inside that purse. Common expectations of privacy indicate that a person has the same general privacy interest in the things she puts in both her purse as in her wallet. The wallet is simply a more convenient way to organize and carry money, driver's license, credit cards and like objects, generally financial or for identification,

whereas the open space in the purse is more suited to bulky items that would not fit in the wallet. Because both have the same general degree of expectation of privacy, permission to go into the purse would include permission to enter the wallet as well, absent some protestation at the time by the person giving permission or some lock on the wallet that would prevent easy access.

In other jurisdictions, similar searches have been upheld. *See United States v. Battista,* 876 F.2d 201 (D.C.Cir.1989); *Heald v. State,* 492 N.E.2d 671, 680 (Ind. 1986) (consent to search a container operates as a consent to search items found within the container which are pertinent to the investigation being conducted). In the present case, Officer Durbin was searching for possible drugs which could be the cause for the appearance of Rhonda's intoxicated state. The drugs could and were found inside the wallet.

Also, the analysis applicable to luggage search cases is very helpful to determine the appropriateness of the search. Similar to the present case, luggage cases usually have health and hygiene products which are closed containers found inside luggage. A reasonable person who consents to a search of one of his bags would not expect the officer to repeat his request for consent before examining each new item encountered in the bag. *See United States v. Battista*, 876 F.2d 201 (D.C.Cir.1989) (holding that consent to search luggage included consent to search several plastic bags contained therein and stating that the court refuses to turn such

searches into games of "Mother-may-I"). That approach would be unduly burdensome, and inconsistent with the objective reasonableness standard established by the Supreme Court in *Jimeno*.

Officer Durbin searched a closed wallet located inside Rhonda Rombs's purse. He should not have to ask again if he can search Ms. Rombs' wallet because she had already given consent to search her purse.

**PRAYER**

For the foregoing reasons, the State respectfully requests that the Court of Appeals order of the trial court to vacate its order granting the motion to suppress, and for all other relief to which the State shows itself justly entitled.

Respectfully Submitted,

/s/ *Christopher L. Morrell*
Christopher L. Morrell
State Bar No. 24077383
Assistant District Attorney
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(361) 888-0700 (fax)
christopher.morrell@co.nueces.tx.us

## RULE 9.4 (i) CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in this brief, excluding those matters listed in Rule 9.4(i)(1), is 1,076.

/s/ *Christopher L. Morrell*
Christopher L. Morrell

## CERTIFICATE OF SERVICE

This is to certify that a copy of this brief was emailed this 10th day of February, 2015, to Appellee's attorney, Stephen W. Byrne, at his email of byrne.attorney@gmail.com.

/s/ *Christopher L. Morrell*
Christopher L. Morrell